**HONGLIAN JIN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–73455.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 24, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

**364**

Daniel K.Y. Fong, Esquire, Law Offices of Daniel K.Y. Long, Monterey Park, CA, for Petitioner.

John Blakeley, OIL, Emily Anne Radford, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

### MEMORANDUM **

Honglian Jin, a native and citizen of China, petitions for review of a Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision denying her application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, reversing only if the evidence compels the result, *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition for review.

Substantial evidence supports the BIA's denial of asylum because Jin failed to establish that her mistreatment by Chinese authorities was motivated, even in part, by her political beliefs. *See Dinu v. Ashcroft*, 372 F.3d 1041, 1044–45 (9th Cir.2004); *Kozulin v. INS*, 218 F.3d 1112, 1116–17 (9th Cir.2000). We reject Jin's contention that she was entitled to a presumption of political persecution because she did not demonstrate that the police's criminal investigation had no bona fide objective, and her contention that her treatment was disproportionately severe. *See Dinu*, 372 F.3d at 1044–45 ("heavy-handed" police tactics did not give rise to inference of political persecution). Because Jin's fear of future persecution is based on these past encounters with the Chinese police, she has failed to show a well-founded fear of persecution on account of a protected ground. *See Fisher v. INS*, 79 F.3d 955, 961–62 (9th Cir.1996) (en banc).

Because Jin did not establish asylum eligibility, it necessarily follows that she did not satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir.2006).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.